In the Matter of the Application for the DISCIPLINE OF Douglas M. McMILLAN, an Attorney at Law of the State of Minnesota.

No. C1–84–811.

Supreme Court of Minnesota.

Aug. 19, 1985.

## ORDER

The Director of the Lawyers Professional Responsibility Board by petition alleged that respondent had represented certain clients in connection with the sale of certain lake property. In the course of the transaction, respondent's client and buyer entered into an escrow agreement which provided that respondent would hold cer-

tain moneys plus interest in an escrow account until certain title problems had been resolved. Respondent withdrew the entire amount that was held in escrow without notice to or consent from his clients or the buyer. Respondent had no right to or claim of right to over $900 in that escrow account. Subsequently, some two years after his withdrawal, respondent made restitution to his client with interest. The respondent, or another law firm to whom respondent had delivered the client's abstract of title lost the same, although promising to do so, respondent did not replace the abstract until some months later. Respondent being represented by counsel waived all of his rights to the Rules of Lawyers Professional Responsibility with respect to hearings and entered into a stipulation with the Director of the Minnesota Lawyers Professional Responsibility Board.

The court, having examined the files and records herein and having considered the stipulation,

IT IS ORDERED:

1. That the respondent shall be suspended from the practice of law for a period of 90 days commencing September 1, 1985, and thereafter be under supervised probation.

2. Respondent shall, within two weeks of the date of this order, pay to the Director as costs in this matter, the sum of $500.

3. Two months before respondent's probation commences, he shall nominate an attorney acceptable to the Director of the Minnesota Lawyers Professional Responsibility Board who shall monitor respondent's compliance with the terms of probation. If respondent fails to nominate a supervisor acceptable to the Director, then the Director may, at his option, appoint any licensed Minnesota lawyer acceptable to him as supervisor. Respondent's supervisor shall file written reports with the Director at least quarterly or at such other more frequent intervals as may be reasonably be requested by the Director.

4. During the course of his probation, the respondent shall cooperate fully with the supervisor and with the Director's office in their efforts to monitor compliance with the terms of probation and in any further investigation of unprofessional conduct which may arise during the probation.

5. Respondent shall abide by the Rules of Professional Conduct effective September 1, 1985. He shall cooperate with the Director's investigation of any allegations of unprofessional conduct which have or may come to the Director's attention. Either respondent's admission or a referee finding of further unprofessional conduct shall constitute conclusive evidence of breach of the stipulation heretofore referred to and of this order.

6. Immediately upon suspension, respondent shall comply fully with Rule 26, Rules of Lawyers Professional Responsibility.

7. Notwithstanding his suspension from the practice of law, respondent shall retain his license for the sole purpose of representing two corporations of which he is an officer, shareholder, and employee, to-wit: Smart Software, Inc. and Patches Productions, Inc.